UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLISON N. LONG

                                    Plaintiff,
v.                                                   Civil Action No. _____

CAVALRY PORTFOLIO SERVICES, LLC
                                    Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Allison N. Long is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Cavalry") is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. sec.1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff, Allison Long, incurred a debt to GMAC. This debt will be referred to as "the subject debt."

10. The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Due to personal reasons, Plaintiff defaulted on said debt.

12. Upon information and belief, the subject debt was ultimately sold or assigned to Defendant Cavalry, who then began to collect on said debt.

13. In or about December, 2009, Defendant began calling Plaintiff on her home telephone and cellular telephone. Plaintiff resides with her parents. Defendant would call several times a week, and often several times in one day.

14. During some of these calls, Defendant left messages for Plaintiff disclosing that she owed a debt, which were heard by Plaintiff's parents. Prior to that time, Plaintiff's parents were unaware that she owed a debt.

15. Defendant never sent Plaintiff the 30-day validation notice that is required by 15 U.S.C. 15 U.S.C. §1692g.

16. That as a result of Defendant's acts, Plaintiff became extremely nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

17. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 above.

18. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring repeatedly. Said conduct was meant to harass, oppress and/or abuse the Plaintiff.

    B. Defendant violated 15 U.S.C. §1692b(2) by disclosing to Plaintiff's parents that she owed a debt.

    C. Defendant violated 15 U.S.C. §1692g by failing to send the required 30-day validation notice within five days of the initial communication with Plaintiff.

19. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 17, 2010

                                             /s/ Kimberly T. Irving_____
                                             Kenneth R. Hiller, Esq.
                                             Kimberly T. Irving, Esq.
                                             Law Offices of Kenneth Hiller, PLLC
                                             *Attorneys for the Plaintiffs*
                                             6000 North Bailey Ave., Suite 1A
                                             Amherst, NY 14226
                                             (716) 564-3288
                                             Email: khiller@kennethhiller.com
                                                      kirving@kennethhiller.com